UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAHN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-01220-AGF |
| | ) | |
| ST. LOUIS COUNTY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendants Kearny, Dooley, Duwe, Hunt, Stephens, Tippett, and Tyler (the "Nurse Defendants") to dismiss Count II of Plaintiff's complaint for wrongful death without prejudice, for failure to provide a health care provider affidavit.  (Doc. No. 51).  In any action against a health care provider for damages for personal injury or death based on the failure to render health care services, a plaintiff must file an affidavit stating that they have obtained a written opinion from a legally qualified health care provider stating that the defendant was negligent and that such negligent directly caused or contributed to the damages claimed in the petition. *See* Mo. Rev. Stat. § 538.225.1 (2020).  The plaintiff must file this affidavit no later than ninety days after filing the petition, unless granted an extension of time for good cause shown.  Mo. Rev. Stat. § 538.225.5.  If the plaintiff fails to file this affidavit, the court must dismiss the claim based on medical negligence without prejudice.  *See Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W. 3d 260, 271 (Mo. banc 2014).

This statute applies to wrongful death cases when the claim for wrongful death is predicated on a healthcare provider's negligence, such as in this case.  *See Norman v. United States*, No. 1:04-CV-111 CAS, 2006 WL 335510, at *4 (E.D. Mo. Feb. 13, 2006).  Furthermore, as the Nurse Defendants are healthcare providers under Missouri law, the affidavit requirement also applies to these defendants.  *See* Mo. Rev. Stat. § 538.205.6 (2020).  Plaintiff agrees with the application of the affidavit requirement to the Nurse Defendants in Count II of this case and consents to the dismissal of these defendants without prejudice.  Claims against the Nurse Defendants remain in Count III of Plaintiff's complaint for violation of the Eighth Amendment's prohibition on cruel and unusual punishment, however.  *See Judah v. Ovsak*, 550 F.Supp.3d 687, 707 (D. Minn. 2021) (considering a motion to dismiss a plaintiff's claim for Eighth Amendment violations and to dismiss a plaintiff's claim for medical negligence for failure to provide a required affidavit separately).

Accordingly,

**IT IS HEREBY ORDERED** that the Nurse Defendants' motion to dismiss, (Doc. No. 51), is **GRANTED**.  The Court will enter a separate Order of Dismissal.


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2022.

2